Richard L. Tapp on 27 March, 1893, applied before S. M. Gattis, clerk of the Superior Court of ORANGE, for letters of administration on the estate of Mary Tapp, deceased, in which it was stated that the value of the estate was about $475, and that "the estate of the said deceased, if she had any at all, consists of a note on Daniel Thompson for $500 or $600, which the executor of William Tapp claims as a part of testator's estate, and suit against Thomas Tapp is now pending for its recovery, and that R. L. Tapp, J. T. W. Tapp and Catherine Thompson are entitled as heirs and distributees thereof."
Thereupon J. T. W. Tapp, objecting to the issuing of letters, etc., filed his complaint as follows: (249)
"1. That Mary Tapp died 1 April, 1888, and hitherto no one has applied for letters of administration upon her estate; that she left surviving, her husband, W. H. Tapp, who died 9 February, 1892, and who, during his lifetime, made no application for letters of administration, because Mary Tapp was indebted to no one.
"2. That said Mary Tapp owned and possessed a note of hand upon one Daniel F. Thompson, the only personal property she had, and during her lifetime, and with the consent of her husband, she gave said bond to J. T. W. Tapp, who has had said bond in his possession and claimed the ownership thereof for more than three years, and the sole object of Richard L. Tapp in applying for letters of administration upon the estate of said Mary Tapp is to worry and annoy the said J. T. W. Tapp, and that said Richard has declared his intention and purpose to be to expend the entire estate unless he could carry his point, as complainant is informed and believes.
"Wherefore, complainant denies that there is any necessity for the appointment of an administrator upon said estate for the reasons above set forth; and even if there was that said Richard is not a proper person to intrust with its management, and he prays that the application be refused."
Richard L. Tapp, answering the complaint of J. T. W. Tapp filed in this proceeding, said:
1. That article one of this complaint is true, except that the allegation that Mary Tapp `was indebted to no one' is not true.
2. That the whole of article two is wholly untrue, and he denies the same."
For a further defense the said Richard L. Tapp alleges:
1. That the said note upon D. F. Thompson as referred to is (250) the right and property of testator of William H. Tapp, and at the time of the settlement with one Sam Thompson, the administrator of Josiah Thompson, a certain amount of money was paid over to William Tapp, being the share of the said Mary Tapp in the personal *Page 160 
property of her father's estate, which said money was taken up from the table and kept by the said Mary without the knowledge or consent of the said William Tapp; that frequently the said William Tapp, by gentle means and persuasion, tried to obtain possession of the said money, but could not by such means do so; that the said Mary Tapp, still unknown to the said William Tapp, loaned the said money to Daniel F. Thompson, taking his note therefor, payable to herself, which note or bond she closely kept in her possession locked in a drawer until the day of her death, when the said J. T. W. Tapp, by some means unknown to the said Richard, got possession of the key of said drawer and took possession of the said note and holds the same unlawfully. That as to the last paragraph in the nature of a prayer the said Richard denies the same, and reiterates that under the law he is the proper person to administer upon said estate, and demands that letters be granted to him.
The clerk, being of opinion that an issue of fact as to whether Mary Tapp left any estate was raised by the pleadings, transferred the proceedings to the Superior Court for trial as provided in section 1382 of The Code of North Carolina.
Brown, J., at August Term, 1893, of ORANGE, rendered the following judgment:
"It is admitted that the only estate of Mary Tapp consists of an alleged claim to a certain note for $500 or $600 against one Daniel (251) Thompson. It is contended by J. T. W. Tapp that he is the owner of said note, and therefore it is unnecessary to appoint an administrator, and it is contended that the title to this note should be tried in this proceeding. I don't think that is an issue of fact contemplated by section 1382 of The Code. The issues of fact there referred to are those growing out of a contested administration. It is not contemplated that the disputed title to property claimed for the intestate should be tried and determined under that section. If it should be determined in this proceeding that the said note was or was not the property of said intestate's estate, such judgment would not be binding on a future administrator of the estate, and if adverse to J. T. W. Tapp there is no method of enforcing the judgment. The presence of an administrator of Mary Tapp is essential to properly determine the title to this note. The respondent, J. T. W. Tapp, cannot be unjustly hurt, and it is no hardship upon him. If the administrator fails in his suit he would be mulcted with costs. If J. T. W. Tapp has acquired the note in the manner as alleged in the affidavit of Richard Tapp it ought to be investigated, and that can only be properly done in an action wherein the administrator of Mary Tapp is a party plaintiff and J. T. W. Tapp (and D. F. Thompson, possibly) defendants. The clerk is *Page 161 
directed to appoint Richard Tapp, or some other suitable person, other than J. T. W. Tapp, as administrator according to law."
From this ruling J. T. W. Tapp appealed.
For the reasons given by the judge below the judgment is
Affirmed.
(252)